UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01935-AWI-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 20] |

　　　　Plaintiff Lonnie Lee Poslof, Sr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Now pending before the Court is Plaintiff's first amended complaint, filed July 11, 2014.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff contends that the California Department of Corrections and Rehabilitation and California Substance Abuse Treatment Facility are not providing him enough food to sustain his health which is deliberately indifference to his medical needs. Defendants fail to provide Kosher food in an environment and in a manner as required by his Judaism faith. Specifically, Plaintiff cannot eat his first or last meal of the day because it is in violation of his faith.

Inmates on Kosher diet programs must be provided tables that are no "cross-contaminated" with non-Kosher foods or any other things that would make the table non-Kosher after proper cleaning. It has been requested that prisoners on Kosher diet programs be allowed to remove their meals and establish their own environment that will allow them to keep the Kosher food in compliance with their faith. In addition, the amount and content of the Kosher food provided is being restricted by providing foods that cannot be consumed on the dates and times and failing to provide hot meals on Saturdays.

## III.

## DISCUSSION

### A.    Linkage and Eleventh Amendment Immunity

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-1075 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-968 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-916 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In this case, Plaintiff names the California Department of Corrections and Rehabilitation and the California Substance Abuse Treatment Facility as the sole defendants in this action.  However, the State of California's Department of Corrections and Rehabilitation and the California Substance Abuse Treatment Facility are not a "person" subject to suit under § 1983.  Hale v. Arizona, 993 F.2d 1387, 1398-1399 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); Brooks v. Sulphur Springs Valley Elec Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991).  Because the California Department of Corrections and Rehabilitation and the California Substance Abuse Treatment Facility are state agencies, they are entitled to Eleventh Amendment immunity from suit, and Plaintiff cannot recover from them.  If Plaintiff files a second amended complaint, he should omit both the California Department of Corrections and Rehabilitation and California Substance Abuse Treatment Facility as defendants and must name and link other appropriate prison officials as defendants.  The Court will provide Plaintiff with the applicable legal standards for the claims he sets forth in the first amended complaint.

### B.    Religious Land Use and Institutionalized Persons Act of 2000

To state a claim for violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), Plaintiff must allege facts plausibly showing that the challenged policy and the

practices it engenders impose a substantial burden on the exercise of his religious beliefs; Plaintiff bears the initial burden of persuasion on this issue. Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (quotation marks omitted). Money damages are not available under RLUIPA against the state or state officials sued in their official capacities. Sossamon v. Texas, __ U.S. __, __, 131 S.Ct. 1651, 1655 (2011); Alvarez v. Hill, 667 F.3d 1061, 1063 (9th Cir. 2012).

### C.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed July 11, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 18, 2014**

UNITED STATES MAGISTRATE JUDGE