UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr.,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01935-AWI-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDER<br><br>[ECF No. 21] |

    Plaintiff Lonnie Lee Poslof, Sr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    On July 21, 2014, the undersigned dismissed Plaintiff's first amended complaint, with leave to amend, for failure to state a cognizable claim for relief. Plaintiff was directed to file an amended complaint within thirty days from the date of service of that order. The thirty day time period has expired and Plaintiff has failed to comply with the Court's order. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

    The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide: "Failure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power,

a court may impose sanctions including dismissal of an action. <u>Thompson v. Housing Authority of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986).

Accordingly, within **fifteen (15)** days from the date of service of this order Plaintiff is ordered to show cause why the action should not be dismissed for failure to comply with a court order, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   **September 2, 2014**

UNITED STATES MAGISTRATE JUDGE