UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr.,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01935-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S THIRD AMENDED COMPLAINT<br><br>[ECF No. 28] |

Plaintiff Lonnie Lee Poslof, Sr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff third amended complaint, filed October 15, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff contends that while housed at Corcoran State Prison, he is not provided enough food to sustain his health which is deliberately indifference to his medical needs. Defendants fail to provide Kosher food in an environment and in a manner as required by his Judaism faith. Specifically, Plaintiff cannot eat his first or last meal of the day because it is in violation of his faith. Plaintiff contends that documentation from the California Institute for Men, where he was previously housed, will demonstrate that Kosher meals were deliberated to his housing unit.

Inmates on Kosher diet programs must be provided tables that are no "cross-contaminated" with non-Kosher foods or any other things that would make the table non-Kosher after proper cleaning. It has been requested that prisoners on Kosher diet programs be allowed to remove their meals and establish their own environment that will allow them to keep the Kosher food in compliance with their faith. In addition, the amount and content of the Kosher food provided is being restricted by

providing foods that cannot be consumed on the dates and times and failing to provide hot meals on Saturdays.

### III.
### DISCUSSION

#### A.  Religious Land Use and Institutionalized Persons Act

To state a claim for violation of RLUIPA, Plaintiff must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of his religious beliefs; Plaintiff bears the initial burden of persuasion on this issue.  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (quotation marks omitted).

Based on Plaintiff's allegations in the third amended complaint, Plaintiff states a cognizable RLUIPA claim against Defendant Beard and Does 1 through 10.

#### B.  Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations do not state a cognizable claim under the Eighth Amendment.  Plaintiff has not pled sufficient facts demonstrating that the conditions of the food and/or diet infringed on his Eighth Amendment rights.  Rather, Plaintiff's claim regarding his request to provide an adequate

Kosher diet falls under RLUIPA.  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

### C. Leave to Amend

Because Plaintiff was previously notified of the deficiencies in his claims and given leave to amend, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. This action shall proceed on Plaintiff's RLUIPA claim against Defendant Beard and Does 1 through 10; and

2. Plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical need be DISMISSED for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 3, 2014**

UNITED STATES MAGISTRATE JUDGE