UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr., | Case No.: 1:13-cv-01935-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO ENTER POST FILING EVIDENCE OF ADMINISTRATIVE REMEDIES |
| CDCR, et al., | |
| Defendants. | [ECF No. 40] |

Plaintiff Lonnie Lee Poslof, Sr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 13, 2015, the Court directed the United States marshal to serve Defendant Jeffrey Beard with the summons and amended complaint. (ECF No. 38.)

Now pending before the Court is Plaintiff's motion to enter post filing evidence, filed May 8, 2015. Plaintiff seeks to file evidence of the administrative remedies. Plaintiff is correct that the Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to conditions of confinement under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, it is the Defendant, not Plaintiff, who bears the burden of proving Plaintiff failed to exhaust available administrative remedies, Jones v. Bock, 549 U.S. 199, 216 (2007), which is raised by way of motion for summary judgment, Albino v. Baca, 697 F.3d 1023,

1031 (9th Cir. 2012). In this instance, Defendant has not yet been served and had not made an appearance in this action, and the issue of exhaustion of administrative remedies is presently not in dispute. If and when a motion for summary judgment is filed, Plaintiff may submit any evidence to demonstrate exhaustion of the administrative remedies at that time. Accordingly, Plaintiff's motion to submit evidence of the administrative remedies is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 12, 2015**

UNITED STATES MAGISTRATE JUDGE