UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr.,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01935-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAY EXTENSION OF TIME TO FILE OPPOSITION TO PENDING MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S REQUEST FOR CONTINUANCE UNDER RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 49] |

    Plaintiff Lonnie Lee Poslof, Sr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    On August 17, 2015, Plaintiff filed a motion to extend the time to file an opposition to Defendants' pending motion for summary judgment relating to exhaustion of the administrative remedies. Plaintiff also requests a continuance to conduct discovery.

**I.**

**DISCUSSION**

    A.    <u>Extension of Time to File Opposition</u>

    On the basis of good cause, the Court will grant Plaintiff thirty (30) days from the date of service of this order to file an opposition to Defendants' pending motion for summary judgment. Fed. R. Civ. P. 6(b)(1); Local Rule 144.

///

### B. Rule 56(d) Request

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-868 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006).

Plaintiff's general argument that he has not had any discovery and has been not had sufficient time to obtain evidence to support his opposition is precisely the type of general argument which does not suffice to obtain relief under Rule 56(d). Accordingly, the Court finds that Plaintiff has not shown the actual existence of relevant information that would prevent summary judgment on the issue of exhaustion, and he is not presently entitled to deferment of Defendants' motion under Rule 56(d). Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014); see also Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation).

///
///
///
///
///
///
///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment;

2. Plaintiff's Rule 56(d) request is DENIED.

IT IS SO ORDERED.

Dated: __August 18, 2015__

UNITED STATES MAGISTRATE JUDGE