UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Sr.,<br><br>        Plaintiff,<br><br>    v.<br><br>BEARD,<br><br>        Defendant. | Case No.: 1:13-cv-01935-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PARTIES' MOTIONS FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 47, 51, 55] |

Plaintiff Lonnie Lee Poslof, Sr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's RLUIPA claim against Defendants Beard.

On July 9, 2015, Defendant filed a motion for summary judgment relating to exhaustion of the administrative remedies.

Plaintiff filed an opposition on August 17, 2015, and Defendant filed a reply on August 21, 2015. (ECF Nos. 51, 54.) On August 31, 2015, Plaintiff filed a verbatim opposition as that filed on August 17, 2015; however, the opposition is appended with exhibits.   (ECF No. 55.)

///

///

///

///

# I.

# DISCUSSION

### A. Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

### B. Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three levels of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

///

///

**C.     Allegations of Complaint**

Plaintiff contends that while housed at Corcoran State Prison, he is not provided enough food to sustain his health which is deliberately indifference to his medical needs. Defendants fail to provide Kosher food in an environment and in a manner as required by his Judaism faith. Specifically, Plaintiff cannot eat his first or last meal of the day because it is in violation of his faith. Plaintiff contends that documentation from the California Institute for Men, where he was previously housed, will demonstrate that Kosher meals were delivered to his housing unit.

Inmates on Kosher diet programs must be provided tables that are no "cross-contaminated" with non-Kosher foods or any other things that would make the table non-Kosher after proper cleaning. It has been requested that prisoners on Kosher diet programs be allowed to remove their meals and establish their own environment that will allow them to keep the Kosher food in compliance with their faith. In addition, the amount and content of the Kosher food provided is being restricted by providing foods that cannot be consumed on the dates and times and failing to provide hot meals on Saturdays.

**D.     Statement of Undisputed Facts[1]**

1.     At all times relevant to his complaint, Plaintiff Lonnie Lee Poslof, Sr., has been incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California. (ECF No. 28 at 1.)

2.     On January 8, 2013, Plaintiff submitted a 602 inmate appeal alleging that SATF food services workers were conducting fraud as to the labeling of their Kosher meals. Specifically, Plaintiff's appeal alleged that the breakfast and lunch meals could not be frozen, and therefore they could not possibly be Kosher despite the Kosher labels on those meals. (Voong Decl., Ex. B at 3.)

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

4

3. Plaintiff's January 8, 2013 appeal requested that prisoners on the Kosher diet be provided actual Kosher meals that meet the actual standard required to certify food as Kosher, and it called for an investigation into why only frozen dinners were certified as Kosher, as well as requesting an explanation from the Kosher vendor. (Voong Decl., Ex. B at 3.)

4. On February 11, 2013, Plaintiff's appeal was partially granted at the first level of review, with the First Level Reviewer stating that "all inmates on the Kosher diet program are provided actual Kosher meals that have been certified by Rabbi Zushe Blech." (Voong Decl., Ex. B at 14-17.) Plaintiff's request for an investigation was denied. (Id.)

5. On February 28, 2013, Plaintiff appealed his 602 claim to the second level of review. (Voong Decl., Ex. B at 7-10.)

6. On April 16, 2013, Plaintiff's appeal was partially granted by the second level of review, with the Second Level Reviewer stating that "CSATF is compliant with the Jewish Kosher Diet Program … [a]ll other request are denied." (Voong Decl., Ex. B at 12-13.)

7. On April 28, 2013, Plaintiff appealed his 602 claim to the third level of review. (Voong Decl., Ex. B at 3-6.)

8. On May 9, 2013, Plaintiff's third level appeal was rejected as incomplete. (Voong Decl., Ex. A at 2.)

9. On July 26, 2013, Plaintiff's corrected appeal was denied at the third level of review. (Voong Decl., Ex. B at 1-2.)

10. Aside from the January 8, 2013 appeal, Plaintiff has not submitted any other 602 appeals relating to Kosher meals while he has been housed at SATF that were accepted for review at the third level of review. (Voong Decl. ¶ 6, Ex. B.)

**E.  Plaintiff's Opposition and Cross-Motion for Summary Judgment**

Local Rule 260(a) requires a party moving for summary judgment to file a Statement of Undisputed Facts which enumerates discretely (i.e., separately and distinctly) each of the specific material facts and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.

Plaintiff failed to submit a Statement of Undisputed Facts in support of his motion for summary judgment.  Instead, Plaintiff submits that his "cross-movement for Summary Judgment is based upon the logical notion, while Petitioner' filed Multiple – times the appeal/grievance and all I.A.C. (Inmate Advisory Council) requests and proposals, request to resolve this matter if for anything but to establish record of remedy exhaustions, and this matter for all documentation, only to be ordered to remove all such documentation from the appeal/grievance, and resubmit the appeal/grievance without any means to show attempts to resolve the matter prior to filing the CDCR 602 Appeal/Grievance, and the Defendant then canceling Petitioner's Appeal/Grievance and as indicated notice that the appeal may not be refilled, this then removing Petitioner's abilities to ever exhaust Administrative Remedies." (ECF No. 51 at 3.)  Because Plaintiff failed to comply with the mandatory requirement under Local Rule 260(a) to file a Statement of Undisputed Facts, Plaintiff's motion must be denied, without prejudice, for failure to comply with Local Rule 260(a).  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (moving party must meet its initial responsibility before the burden shifts to the opposing party to establish that a genuine issue as to any material fact does exist); Robert v. California Dep't of Corr. & Rehab., No. 2:12-cv-0247 KJM AC, 2014 WL 2109925, at *2 (E.D. Cal. May 20, 2014).  Accordingly, to the extent Plaintiff is moving for cross-summary judgment in his favor, Plaintiff's motion must be denied as procedurally defective.

### F. Defendant's Motion for Summary Judgment

Defendant Beard moves for summary judgment and argues that Plaintiff has not submitted an administrative appeal concerning the allegations in this action, and the appeal filed on January 8, 2013, did not name Defendant, and therefore did not exhaust Plaintiff's administrative remedies.

### G. Plaintiff's Opposition

In opposition, Plaintiff contends that the CDCR staff completed the administrative exhaustion process when it canceled Plaintiff's appeal and gave notice that he may not resubmit the appeal in the future.  The action of canceling Plaintiff's appeal was to remove his ability to exhaust the administrative remedies.  Plaintiff contends he submitted an appeal five times and only the first level was made to answer by the Defendant, all other attempts had been met with rejections and lastly

canceled which by way of obstruction of exhaustion to enact a motion for summary judgment. Specifically, Plaintiff contends that the first level review of appeal number SATF-G-15-01064 was canceled, but Defendants treat it as if the appeal never existed.

### H. Defendant's Reply

In his reply, Defendant argues that Plaintiff's opposition fails to refute either of Defendant's argument. While Plaintiff appears to argue that prison officials have improperly cancelled his appeals, he provides no factual evidence in support of this argument, relying entirely on conclusory allegations in his own affidavit. Further, Plaintiff's opposition fails to address Defendant's statement of undisputed facts. Defendant submits these facts are deemed admitted by Plaintiff and establish that Plaintiff, prior to filing this lawsuit in November 2013, failed to exhaust his administrative remedies as to his instant claims. Defendant further argues that although Plaintiff has submitted a number of previous motions to the Court asserting that California Department of Corrections and Rehabilitations (CDCR) has prevented him from exhausting his administrative remedies in 2014 and 2015, because the instant action was filed on November 20, 2013, any such appeals are irrelevant to this action.

### I. Findings on Defendant's Motion

#### 1. Insufficient Allegations in Appeal to Exhaustion Administrative Remedies

Defendant bears the burden of demonstrating the existence of an available administrative remedy and Plaintiff's failure to exhaust that available remedy. Albino, 747 F.3d at 1172. Here, there is no dispute that CDCR has an administrative remedy process for inmate grievances which is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Cal. Code Regs., tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted); Williams v. Paramo, __ F.3d __, __, 2015 WL 74144, at *7 (9th Cir. Jan. 7, 2015); Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

In this case, there is also no dispute that Plaintiff was aware of the inmate appeals process. The issue is whether appeal number SATF-13-00412 sufficed to exhaust Plaintiff's RLUIPA claims as alleged in the third amended complaint against Defendant Beard. An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and

"the prisoner need only provide the level of detail required by the prison's regulations." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010).

Defendant submits the declaration of M. Voong, Acting Chief of the Office of Appeals (OOA), formerly named the Inmate Appeals Branch (IAB). (ECF No. 47-4, Voong Decl. ¶ 1.) Voong declares that the OOA receives, reviews, and maintains non-healthcare inmate appeals accepted for third level review, the final level of review in the CDCR's inmate appeal process. (Id. ¶ 2.) Voong conducted a thorough search of the appeals filed by Plaintiff at the OOA to determine whether any were accepted for review alleging violations of his ability to exercise his religion by keeping a Kosher diet while housed at the SATF. (Id. ¶ 4.) The search revealed that Plaintiff filed one appeal that was accepted for review at the third level concerning issues relating to his Kosher diet-Institutional Log Number SATF-13-00412, and assigned IAB Log Number 1212009. (Id. ¶ 5.) Aside from appeal number SATF-13-00412, Plaintiff has not submitted any other 602 appeals relating to Kosher meals while he has been housed at SATF that were accepted for review at the third level of review. (Id. ¶ 6.)

In appeal number SATF-13-00412, Plaintiff alleged that CSATF/SP Corcoran II food services were conducting "fraud." (ECF No. 47-7, Voong Decl. Ex. B.) Plaintiff alleged that the breakfast and lunch meals were not Kosher because they were not frozen. Plaintiff claimed the placement of Earth-Kosher labels on the food was fraud at some level. Plaintiff attached a letter from Rabbi Zushe Blech, who certified "that frozen meals produced by Elements Foods of Montclair, CA are certified Kosher for year round use." Plaintiff demanded an explanation as to why the breakfast and lunch meals, which Plaintiff claimed were not frozen, were still being labeled as Kosher.

Plaintiff's appeal was "partially granted" at the first level review "in that the inmates on the Kosher diet program are provided actual Kosher meals that have been certified by Rabbi Zushe Blech." Plaintiff's request for an audit of all Kosher food purchases and copies of the last and present purchase order was denied. In addition, Plaintiff's request for an investigation into Earth-Kosher for fraud was denied. Plaintiff's appeal was also "partially granted" at the second level of review "in that the CSATF is compliant with the Jewish Kosher Diet Program…." The appeal was denied at the third and final level of review.

///

8

In contrast to the allegations in appeal number SATF-13-00412, the instant action alleges claims relating to the quality and handling of the Kosher meals at SATF.  Specifically, Plaintiff's third amended complaint alleges that he could not consume his meals in the chow halls due to the cross-contamination without violating his religious beliefs.  In addition, Plaintiff alleges that he has "on regular bases been provided food that is spoiled, in opened packages, and items clearly that have been handled in a non-Kosher manner . . ." and he has been provided oatmeal on Saturdays clearly in violation of the Kosher laws.  (ECF No. 38 at 6-7.)  The allegations presented in the third amended complaint upon which this action proceeds, do not appear and are entirely different from the allegations presented in Plaintiff's appeal number SATF-13-00412.

In order to substantively exhaust the administrative remedies, the appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue."  § 3084.2(a).  Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment."  § 3084.2(a)(4).  The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

Plaintiff's appeal number SATF-13-00412, focused on Plaintiff's allegation of fraud by Earth Kosher and food services staff and Plaintiff requested an investigation into such fraud.  In response to Plaintiff's allegations, the CDCR staff focused on the propriety of the labels and SATF's procurement of Kosher food when addressing Plaintiff's appeal.  (Voong Decl., Ex. B.)  Plaintiff did not allege, in appeal number SATF-13-00412, that he could not eat his meals in the chow hall, the meals were spoiled in a non-Kosher manner, and he was provided oatmeal on Saturdays.  Indeed, all three responses to the appeal interpreted and addressed Plaintiff's claim as based upon fraud by Earth Kosher and food services relating to the labeling of the food as Kosher.  Thus, Plaintiff did not alert the prison to the nature of the wrong he now alleges in this action, Griffin v. Arpaio, 557 F.3d at 1120, he did not give CDCR a fair opportunity to adjudicate the claims in the instant suit, Woodford, 548 U.S. at 90, and as a result did not satisfy the basic purposes of the exhaustion requirement, Irwin v.

Zamora, 161 F.Supp.2d 1125, 1135 (S.D. Cal. 2001).

This finding is further corroborated by the fact that Plaintiff now claims by way of opposition that appeal number SATF-G-15-01064, exhausted (or at least attempted to exhaust) the claims in the instant action.[2] However, Plaintiff is mistaken. Exhaustion of administrative remedies is a pre-condition to filing suit in this Court, and Plaintiff's attempt to exhaust in 2015, the claims in this action which occurred two years prior in 2013, does not serve to exhaust the administrative remedies. See McKinney v. Carey, 311 F.3d at 1200-01 (if a prisoner has not exhausted his administrative remedies before filing his federal suit, the court must dismiss the action without prejudice to the prisoner filing a new action after he has completed his administrative remedies); see also Woodford v. Ngo, 548 U.S. at 88 (a prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Any claim by Plaintiff that he attempted to exhaust the administrative remedies during the pendency of this action, does not serve to exhaust the administrative remedies. The plain language of the statute makes completion of exhaustion a precondition to filing an action in federal court, and Ninth Circuit case law establishes that Plaintiff cannot exhaust administrative remedies while the lawsuit is pending. McKinney, 311 F.3d at 1200. In addition, a court cannot stay an action to provide Plaintiff the opportunity to exhaust after litigation has begun. Id. Exhaustion of the administrative remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001); otherwise, there would be little incentive for a prisoner to exhaust prior to filing suit. Jackson v. D.C., 254 F.3d 262, 270 (D.C. Cir. 2001). Thus, Plaintiff's claim that he attempted to exhaust the administrative remedies in 2015, with respect to his 2013 claims filed in this Court on November 20, 2013, does not create a dispute of fact as to exhaustion, and Defendant's motion for summary judgment should be granted.

2.   Failure to Name Defendant in Appeal

In addition, Plaintiff failed to properly exhaust as to Defendant Beard because he was not identified in appeal number SATF-13-00412. As previously stated, for an appeal to properly exhaust

---

[2] In Appeal Log number SATF-G-15-01064, Plaintiff claimed that "Non-Kosher means you are required to consume it and the Non-Kosher Dining Halls could cross contaminate your food." Plaintiff requested to be provided a Kosher clean place in CSATF G Facility to maintain his food in a Kosher state or to allow him to remove his Kosher meals from the Dining Hall area. (ECF No. 55, Ex. A, First Level Response, dated April 20, 2015.)

as to a staff member, their name must be listed in the appeal and the inmate must describe their involvement in the issue being appealed. Cal. Code Regs. Tit. 15, § 3084.2(a)(3). If identifying information is not known, the inmate must "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id. Administrative remedies are not considered exhausted relative to any person later named by the inmate that was not included in the originally submitted appeal and addressed through the third level. Cal. Code Regs., tit. 15, § 3084.1(b).

Exhaustion requirements are designed to deal with parties who do not want to exhaust and who would prefer not to give the agency a fair and full opportunity to adjudicate their claims. Woodford, 548 U.S. at 90 (quotation marks omitted). For this reason, proper procedural and substantive exhaustion of administrative remedies is required, which demands compliance with an agency's deadlines and other critical procedural rules. Id.; Wilkerson, 772 F.3d at 839. Prisoners are required to "use all the steps the prison holds out, enabling the prison to reach the merits of the issue," Griffin v. Arpaio, 557 F.3d at 1119 (citing Woodford, 548 U.S. at 90). Relevant here, the applicable prison regulations provide that inmates must list all involved staff members and describe their involvement; and inmates shall state all facts known regarding the issue being appealed. Tit. 15, § 3084.2(a)(3), (4).

Plaintiff's January 8, 2013, appeal names "Mr. Perkins, the Food Manager," as an involved person in the event being appealed. (Voong Decl., Ex. B at 3-6.) No other staff members are named or identified in the appeal. Thus, because Defendant Beard was not named in appeal number SATF-13-00412, Plaintiff did not exhaust the administrative remedies as required by the applicable prison regulations. Cal. Code Regs., tit. 15, §§ 3084.2(a)(3), 3084.1(b). The failure to name Defendant Beard effectively deprived prison officials of the opportunity to address Plaintiff's complaints about the conduct attributed to Defendant Beard. Accordingly, the Court finds that appeal number SATF-13-00412 did not comply with the state's procedural rules with respect to exhaustion of his claims now at issue in this action.

///
///
///

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust the administrative remedies be GRANTED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 17, 2015**

UNITED STATES MAGISTRATE JUDGE